**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

IN RE:                                        Case No. 13-21968-BKC-EPK
                                              Chapter 7 proceeding

**THOMAS RALPH FARESE,**

                    Debtor.
_____/

### TRUSTEE'S MOTION TO HOLD DAVID GOLDSTEIN IN CONTEMPT OF COURT, MOTION TO COMPEL DAVID GOLDSTEIN TO APPEAR FOR A RULE 2004 EXAMINATION, AND FOR SANCTIONS

The Trustee, Margaret J. Smith, by and through undersigned counsel, hereby files this her Motion to Hold David Goldstein in Contempt of Court, Motion to Compel David Goldstein to Appear for a Rule 2004 Examination, and for Other Sanctions, and states:

1.      This bankruptcy proceeding was filed on May 22, 2013 as a voluntary Chapter 7 proceeding. Margaret J. Smith ("Trustee") has been appointed as the Chapter 7 Trustee.

2.      On June 20, 2013, counsel for the Trustee sent a letter to David Goldstein, Esq. in attempting to schedule Mr. Goldstein's Rule 2004 Examination and proposed certain dates. Mr. Goldstein is an attorney licensed in Florida.

3.      On June 21, 2013, Mr. Goldstein contacted the Trustee's counsel and indicated that he was available on July 29, 2013 but that the Trustee would have to subpoena him for such examination.

4.      The Trustee's counsel and Mr. Goldstein exchanged further correspondence on June 24, 2013 by the Trustee's counsel requesting whether Mr. Goldstein was available on July 29, 2013. Mr. Goldstein responded to the Trustee's correspondence stating that he was tentatively available for July 29, 2013.

14666480.1

5.      On June 27, 2013, the Trustee's counsel indicated to Mr. Goldstein that July 29, 2013 was no longer available and presented four (4) alternative dates for such examination. Mr. Goldstein responded to the Trustee's correspondence indicating he was not available on the dates proposed.

6.      On June 26, 2013, the Trustee's counsel sent further correspondence to Mr. Goldstein requiring a firm date to hold the Rule 2004 Examination. Mr. Goldstein, though his assistant Grace Zappala, responded to the Trustee's correspondence and indicated that July 28, 2013 was an available date. Further, on July 28, 2013, the Trustee and Ms. Zappala exchanged phone calls and correspondence and agreed upon August 2, 2013 as the date of the Rule 2004 Examination. Ms. Zappala confirmed the date in writing.    The Trustee also had to coordinate with the other interested parties in this matter, including counsel to the Debtor, counsel to creditors and counsel to the Debtor's non-filing spouse.

7.      The Trustee set Mr. Goldstein's Rule 2004 Examination for August 2, 2013 at 1:30 p.m. pursuant to the Notice of Rule 2004 Examination Duces Tecum (ECF#29).

8.      On July 1, 2013, Ms. Zappala informed the Trustee's counsel that Mr. Goldstein was not available for August 2, 2013.   The Trustee and Ms. Zappala exchanged correspondence and agreed upon August 13, 2013 at 9:30 a.m. pursuant to the Re-Notice of Rule 2004 Examination Duces Tecum (ECF#31).

9.      The Trustee also subpoenaed Mr. Goldstein to appear at the Rule 2004 Examination and to produce the requested documentation.

10.      Mr. Goldstein was personally served with the subpoena, the Re-Notice of Rule 2004 Examination Duces Tecum (ECF#31), and the $40.00 witness fee on July 8, 2013. Attached hereto as **Composite Exhibit 1** is a true and correct copy of the subpoena and the

Return of Service.

11.      On August 9, 2013, Ms. Zappala again informed the Trustee's counsel that Mr. Goldstein was not available for the August 13, 2013 deposition. After coordinating with all the parties and speaking with and exchanging emails with Ms. Zappala, Ms. Zappala confirmed via email that Mr. Goldstein was available on August 23, 2013.

12.      On August 21, 2013, two (2) days before the scheduled Rule 2004 Examination that Mr. Goldstein agreed to, Mr. Goldstein contacted the Trustee's counsel and indicated that he would not be at the agreed upon Rule 2004 Examination.

13.      Considering the deposition had been moved twice after coordination and in responding to Mr. Goldstein's request to move the deposition, the Trustee's counsel reasonably stated that the deposition would be moved if Mr. Goldstein would give a date certain to appear and provide all the responsive documents by Tuesday, August 27, 2013. Considering that Mr. Goldstein was originally scheduled to attend a Rule 2004 Examination on August 2, 2013, approximately two (2) months after the initial Notice of Rule 2004 Examination Duces Tecum (ECF#29) and three (3) weeks before the continued examination, Mr. Goldstein should have had the requested documents organized and available for delivery to the Trustee.

14.      Mr. Goldstein indicated that he could not provide the requested documents by Tuesday, August 27, 2013.

15.      On August 23, 2013, the Trustee's counsel sent emails to Mr. Goldstein stating that the Trustee could not move the deposition and requested confirmation that Mr. Goldstein was not attending. Mr. Goldstein has yet to respond to such emails.

16.      Mr. Goldstein failed and refused to attend the agreed upon Rule 2004 Examination.

17.    Pursuant to Federal Rules of Civil Procedure 7037 and 9016(e), the Trustee seeks an order compelling David Goldstein to appear for a Rule 2004 Examination Duces Tecum at a time certain with all of the requested documentation.  The Trustee also seeks an order finding David Goldstein in contempt of court for his failure to comply with a properly served subpoena, and seeks additional sanctions against David Goldstein, pursuant to the inherent authority of the Court and 11 U.S.C. §105, for making it necessary to bring this motion, including but not limited to, attorney fees and costs, and in the event that Mr. Goldstein fails to comply with such order, that the Court enter an order upon submission alone of an affidavit of non-compliance an order directing the U.S. Marshall to apprehend David Goldstein to bring him immediately before this Court for a determination of appropriate and further sanctions, including, but not limited to, incarceration.

18.    The Trustee has continuously worked with Mr. Goldstein to set his Rule 2004 Examination at a convenient date and time but Mr. Goldstein has shown a pattern of hindering and delaying the Trustee immediately before said deposition.  Although requested, Mr. Goldstein has yet to provide the Trustee with a copy of his alleged plane ticket demonstrating that he was not in South Florida, that he was caring for his father in hospice, or a return plane ticket.  The Trustee has been more than reasonable in attempting to find a mutually agreeable date to host such deposition but Mr. Goldstein has not acted in good faith.

WHEREFORE, the Trustee, Margaret Smith, by and through undersigned counsel, respectfully requests that the Court enter an order finding David Goldstein in contempt of court, compelling David Goldstein to appear for a Rule 2004 Examination Duces Tecum at a time certain with the requested documentation pursuant to Federal Rules of Civil Procedure 7037 and 9016(e), awarding sanctions against David Goldstein for the necessity of bringing this motion

pursuant to the inherent authority of the Court and 11 U.S.C. §105, and in the event that Mr. Goldstein fails to comply with such order, that the Court enter an order upon submission alone of an affidavit of non-compliance directing the U.S. Marshall to apprehend David Goldstein and to bring David Goldstein before this Court for a determination of appropriate further sanctions, including, but not limited to, incarceration, plus grant such other and further relief as the Court deems just and proper.

    **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by regular U.S. Mail to: all parties on the attached mailing list in the manner described below, on this the 26th day of August, 2013.

                        **GREENSPOON MARDER, P.A.**

                        */s/ Barry Turner*

                        MICHAEL R. BAKST, ESQ,
                        Florida Bar No. 866377
                        BARRY TURNER, ESQ.
                        Florida Bar No.: 85535
                        Attorney for Trustee
                        250 South Australian Avenue, Suite 700
                        West Palm Beach FL 33401
                        Telephone:  (561) 838-4523
                        Facsimile:  (561) 514-3423

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Atlas Acquisitions bk@atlasacq.com
- Michael R. Bakst efileu1094@gmlaw.com,
  FL65@ecfcbis.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com

- Becket and Lee LLP notices@becket-lee.com
- Frederic J Dispigna frederic.dispigna@brockandscott.com, flbkecf@brockandscott.com
- Julianne R. Frank fwbbnk@fwbpa.com, jrfbnk@gmail.com
- Bruce A Goodman bruce@mooregoodman.com
- David L. Merrill ecf@ombkc.com, david@ombkc.com;lisa@ombkc.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- Margaret J. Smith msmith@glassratner.com, FL32@ecfcbis.com;msams@glassratner.com
- Larry A Strauss larry@fwbpa.com, lasbnk@fwbpa.com;tina@fwbpa.com
- Barry Seth Turner barry.turner@gmlaw.com, efileu1092@gmlaw.com;efileu1088@gmlaw.com;efileu1094@gmlaw.com;efileu1435@gmlaw.com;lauren.baio@gmlaw.com

**Manual Notice List**

BMW Financial Services NA, LLC
c/o Ascension Capital Group
POB 201347
Arlington, TX 76006

VIA Manual Email to: David M Goldstein - david@dmgpa.com

VIA Manual Email to: Grace Zappala, Assistant to David M. Goldstein- grace@dmgpa.com

VIA Facsimile to David Goldstein: 305.577.8232

David M. Goldstein
12000 Biscayne BLVD., Suite 802
Miami, Fl 33181

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

In re:                                          Case No.: 13-21968-EPK
                                                Chapter 7 Proceeding

**THOMAS RALPH FARESE,**

        Debtor.
_____/

        To:    **David M. Goldstein, Esq.**
               12000 Biscayne Blvd., Suite 802
               North Miami, FL 33181

---

[X]    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the
       taking of a deposition in the above proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Greenspoon Marder, P.A.** <br> **Harbour Centre** <br> **18851 NE 29th Avenue, Suite 901** <br> **Aventura, FL 33180** | **August 13, 2013, 2013 at 9:30 o'clock a.m. (EST)** |

[X]    YOU ARE COMMANDED to produce and permit inspection and copying of the following
       documents or objects at the place, date, and time specified below (list documents or objects):
       **Documents requested in Exhibit "A" attached**

| PLACE | DATE AND TIME |
|---|---|
| **Greenspoon Marder, P.A.** <br> **Harbour Centre** <br> **18851 NE 29th Avenue, Suite 901** <br> **Aventura, FL 33180** | **August 13, 2013, 2013 at 9:30 o'clock a.m. (EST)** |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a
deposition shall designate one or more officers, directors, or managing agents, or other persons who
consent to testify on its behalf, and may set forth, for each person designated, the matters on which the
person will testify, Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary
proceedings by Rule 7030 Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | TITLE <br> Attorney for Trustee/Plaintiff |
|---|---|
| ISSUING OFFICER'S NAME (PRINT) <br> Barry Turner, Esq. | PHONE <br> (561) 838-4543 |
| ADDRESS <br><br> Greenspoon Marder, P.A. <br> 250 S. Australian Avenue, Suite 700 <br> West Palm Beach, FL 33401 | DATE <br> 7/1/13 |

LF-82 (rev. 12/01/09)
13807906;1

# EXHIBIT " 1 "

# RETURN OF SERVICE

## UNITED STATES DISTRICT COURT
## SOUTHERN District of FLORIDA

Case Number: 13-21968-EPK, CHAPTER 7 PROCEEDING

IN RE::
**THOMAS RALPH FARESE,**

**DEBTOR.**

For:
Barry Turner, Esq.
GREENSPOON MARDER, P.A.
250 S. Australian Ave
Suite 700
West Palm Beach, FL 33401

Received by SIGNED, SEALED & DELIVERED, INC. on the 8th day of July, 2013 at 11:46 am to be served on DAVID M. GOLDSTEIN ESQ., 12000 BISCAYNE BLVD, SUITE 802, NORTH MIAMI, FL 33181.

I, Juan M. Ripoll, do hereby affirm that on the 19th day of July, 2013 at 2:15 pm, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUBPOENA, RE-NOTICE OF RULE 2004 EXAMINATION DUCES TECUM, $40 WITNESS FEE** with the date and hour of service endorsed thereon by me, to: **DAVID M. GOLDSTEIN ESQ.** at the address of: **12000 BISCAYNE BLVD, SUITE 802, NORTH MIAMI, FL 33181**, and informed said person of the contents therein, in compliance with state statutes. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2)

I DO HEREBY CERTIFY that I AM a CERTIFIED PROCESS SERVER in good standing in the Circuit where the process was served, and that I am disinterested in the Process being served. Under penalty of perjury, I declare that I have read the foregoing VERIFIED RETURN OF PROCESS and that the facts stated in it are true.

Juan M. Ripoll
CERTIFIED#870

**SIGNED, SEALED & DELIVERED, INC.**
**938 Flamango Lake Dr.**
**West Palm Beach, FL 33406**
**(561) 712-1722**

Our Job Serial Number: SSD-2013001364
Ref: 13807906:1

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.6n