## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

IN RE:                                          Case No. 13-21968-BKC-EPK
                                                Chapter 7 proceeding

THOMAS RALPH FARESE

     Debtor.

_____/

MARGARET SMITH, Trustee in
Bankruptcy for Thomas Ralph Farese,
not individually

     Plaintiff,

v.                                              Adv. Proc. No.: _____

CONGRESS PLAZA, LLC,
SUNZANNE FARESE,
PALM STEAK HOUSE, LLC
F/K/A PALM BEACH GENTLEMANS CLUB,
DAVID M. GOLDSTEIN, AS THE TRUSTEE
OF THE NOLITA TRUST,
511 DELRAY, LLC,
DAVID GOLDSTEIN, AND
BARRY RODERMAN

     Defendants.

_____/

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, ALTER EGO, TURNOVER, TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND 548 AND FLORIDA STATUTES, CONSTRUCTIVE TRUST AND/OR RESULTING TRUST AND TO RECOVER ESTATE PROPERTY PURSUANT TO 11 U.S.C. §550

     The Trustee, Margaret J. Smith, by and through undersigned counsel, hereby sues the

Defendants, Congress Plaza, LLC, Suzanne Farese, Palm Steak House, LLC f/k/a Palm Beach

15404039.1

Gentlemans Club, Barry Roderman[1], David Goldstein, and the Nolita Trust, through its trustee David Goldstein (collectively "***Defendants***"), seeking: injunctive relief; alter ego; for turnover; and to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 548 and Florida Statutes; for constructive trust and/or resulting trust; to recover estate property pursuant to 11 U.S.C. §550. In support thereof, the Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This is an adversary proceeding brought by the Trustee for injunctive relief; alter ego; for turnover; and to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548 and Florida Statutes; for constructive trust and/or resulting trust; to recover estate property pursuant to 11 U.S.C. §550 against Defendants, Congress Plaza, LLC, Suzanne Farese, the Nolita Trust, and Palm Steak House, LLC f/k/a Palm Beach Gentlemans Club.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334 (b).

3.      This is a core proceeding in which the court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A), (H), (K) and (O).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## Parties

5.      Congress Plaza, LLC is a Florida limited liability company doing business in Palm Beach County, Florida and is otherwise *sui juris*. Congress Plaza, LLC was formerly known as Congress Center, LLC and Riviera Yacht Club, LLC. Congress Plaza, LLC, Congress Center, LLC and Riviera Yacht Club, LLC, which shall be known collectively herein as

---

[1] David Goldstein and Barry Roderman are only listed as defendants to the extent they are deemed the initial transferees of Suzanne Farese's portion of the Sales Proceeds, as defined below.

2

"*Congress Plaza*".

6.      Suzanne Farese is a resident of Palm Beach County, Florida and is otherwise *sui juris*.

7.      The Palm Steak House, LLC f/k/a Palm Beach Gentlemans Club, LLC ("*Palm Steak House*") is a Florida limited liability company organized under the laws of the State of Florida doing business in Palm Beach County, Florida and is otherwise *sui juris*.

8.      The Nolita Trust is a trust organized under the laws of the State of Florida and is otherwise *sui juris*. David M. Goldstein is the trustee of the Nolita Trust.

9.      511 Delray, LLC is a limited liability company organized under the laws of the State of Florida and is otherwise *sui juris*.

10.     David Goldstein is a Florida Bar licensed attorney residing in Miami-Dade County, Florida and is otherwise *sui juris*.

11.     Barry Roderman is a Florida Bar licensed attorney residing in Palm Beach County, Florida and is otherwise *sui juris*.

12.     Thomas Ralph Farese ("*Debtor*") filed his voluntary Chapter 7 bankruptcy petition on

13.     Margaret J. Smith ("*Trustee*" or "*Plaintiff*") is the duly appointed and qualified Chapter 7 Trustee.

14.     "Real Property" herein shall refer to 964 through 1020 North Congress Avenue, West Palm Beach, Palm Beach County, Florida, or a parcel of such real property therein.

## BACKGROUND

15.     Prior to 2006, through a series of assignments, the Debtor obtained standing and all right, title and interest to bring as well as the rights to the cause of action styled Thomas

3

15404039.1

Farese v. Harald Dude, Mobile Management Corp., Florida Ventures, Inc., Palm Beach Ventures, Inc. and Congress Shopping Center, Ltd. ("**_CSC_**") in case number 00-cv-08950-DMM ("**_Dude Litigation_**") before the United States District Court for the Southern District of Florida.

16.      On February 17, 2006 in the Dude Litigation, United States District Court for the Southern District of Florida entered an *Amended Final Judgment* in favor of the Debtor and against Harald Dude, Mobile Management Corp., Florida Ventures, Inc., Palm Beach Ventures, Inc. and CSC, in the amount of $13,875,000.00. ("**_Amended Final Judgment_**"). Attached hereto as **Exhibit 1** is a true and correct copy of the Amended Final Judgment in favor of the Debtor.

## The Debtor, Congress Plaza, and the Palm Steak House are Alter Egos, or Alternatively the Debtor Made Fraudulent Transfers to Congress Plaza and the Palm Steak House

17.      On or around November 21, 2009, CSC and the Debtor entered into the *Agreement for Purchase and Sale and Settlement of All Claims* (the "**_November 21 Agreement_**"), thereby settling the $13,875,000.00 Amended Final Judgment.   Attached hereto as **Exhibit 2** is a true and correct copy of the November 21 Agreement.

18.      The November 21 Agreement defined the Debtor, individually, as "Buyer".

19.      The November 21 Agreement sold and transferred the Real Property to the Debtor, individually.

20.      On November 30, 2009, the Debtor assigned the November 21 Agreement to Congress Plaza pursuant to the *Assignment of Agreement For Purchase and Sale and Settlement of All Claims* ("**_November 30 Assignment_**"). Attached hereto as **Exhibit 3** is a true and correct copy of the November 30 Assignment.

21.      Upon information and belief, Congress Plaza gave no consideration to the Debtor in exchange for the November 30 Assignment.

22.      While the Debtor purported to transfer the November 21 Agreement to Congress

4

Plaza pursuant to the November 30 Assignment; upon information and belief, the Debtor still retained his personal and individual interest in the November 21 Agreement.

23.     For example, December 8, 2009, Congress Plaza, as purported assignee of Thomas Ralph Farese, filed the *Complaint for Declaratory Relief, Specific Performance and Damages* ("***December 8 Complaint***") in 15th Judicial Circuit against CSC and Title One of Florida case number 2009CA040940.  Attached hereto as **Exhibit 4** is a true and correct copy of the December 8 Complaint.

24.     Paragraph 5 of the December 8 Complaint stated that the Debtor was the "managing member" of Congress Plaza.

25.     Paragraph 11 of the December 8 Complaint reaffirmed that the Debtor, individually, entered into the November 21 Agreement.

26.     Paragraph 22 of the December 8 Complaint stated that the parties closed on the sale as scheduled.

27.     Notably, the Debtor signed the December 8 Complaint as Thomas Farese, "*pro se*" which implies that the Debtor individually was an interested party to the December 8 Complaint.

28.     On December 16, 2009, creditors Fred Aaron and Darlene Delano ("AD Creditors") filed the Complaint in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County against, *inter alia*, the Debtor for recovery on a promissory note and guaranty.

29.     The 2009 Annual Report and the December 3, 2009 Articles of Amendment for Congress Plaza filed with the Florida Department of State were signed by the Debtor as the sole Member of Congress Plaza.

30.     The 2010 Annual Report lists only the Debtor under the heading Managing

5

Members/Managers and was electronically signed by the Debtor as Manager, despite the alleged transfer of the Debtor's interest in Congress Plaza.

31.     As a further indication that the Debtor, Congress Plaza, and Palm Steak House are alter egos, the Debtor signed and filed the Notice of Administrative Appeal on May 10, 2010, Case No. 502010CA012565XXXXMB of the Circuit Court in and for Palm Beach County, Florida, where the Debtor states that "1000 North Congress Avenue, West Palm Beach [is] owned and occupied by Appellants Thomas Farese and Palm Steak House", despite the alleged transfer of the Debtor's interest in Congress Plaza pursuant to the November 30 Assignment. Attached hereto as **Exhibit 5** is a true and correct copy of the Notice of Administrative Appeal.

32.     Notably, the caption of the Notice of Administrative Appeal drafted and filed by the Debtor listed the Debtor, individually, as: "an Individual, as Person in Charge of the Property, Transferee and Equitable and Beneficial Owner of Property, Purchaser, Successor in Interest, and Assignee", as well as the Palm Steak House.

33.     On May 28, 2010, the Debtor, The Palm Steak House, Harald Dude, Congress Plaza and Congress Management, LLC entered into *Settlement Agreement Including Sale and Purchase of Note and Mortgage* ("***May 28 Agreement***"). Attached hereto as **Exhibit 6** is a true and correct copy of the May 28 Agreement.

34.     The May 28 Agreement stated that it was settling all litigation between the Debtor, Harald Dude, and Congress Management, LLC (a Dude entity).

35.     The May 28 Agreement defined the Debtor and Congress Plaza together and jointly as "Congress Plaza".

36.     Within the May 28 Agreement, Congress Management acknowledged that it owned a promissory note and mortgage in sum of $2.3 million given to the entity by Jeff George

6

and CSC ("***Jeff George Mortgage and Note***"). The Jeff George Mortgage and Note was in default at the time of the May 28 Agreement.

37.    The May 28 Agreement transferred and assigned the Jeff George Mortgage and Note to "Congress Plaza".

38.    The May 28 Agreement defined "Congress Plaza" as both the Debtor and Congress Plaza jointly.

39.    As set forth within the May 28 Agreement, Congress Plaza and the Debtor were going to immediately begin foreclosure of Jeff George Mortgage and Note encumbering the Real Property.

40.    The Debtor signed the May 28 Agreement on behalf of himself, Palm Steak House and Congress Plaza.

41.    On June 2, 2010, the Debtor and Congress Plaza filed the *Verified Complaint to Foreclose Mortgage and For Other Relief*, Case No. 502010CA014396 of the Circuit Court in and for Palm Beach County, Florida against CSC, Corvina, LLC, Jeffrey F. George, John Paul George, Steven Sabin and unknown tenants ("***June 2 Complaint***"). Attached hereto as **Exhibit 7** is a true and correct copy of the June 2 Complaint.

42.    Paragraph 18 of the June 2 Complaint states that "Congress Plaza and Farese received ownership of the Note and Mortgage through an assignment and transfer from Congress Management on May 28, 2010".

43.    Paragraphs 26 and 29 of the June 2 Complaint states that Congress Plaza and the Debtor are the "owner and holder" of the Jeff George Mortgage and Note.

44.    The Debtor prosecuted the June 2 Complaint *pro se* and signed the June 2 Complaint.

7

45.     On July 2, 2010, the Debtor, the Palm Steak House, Congress Plaza, CSC, John Paul George, and Corvina, LLC entered into the *Master Settlement Agreement and Releases* ("***Master Settlement Agreement***"). Attached hereto as **Exhibit 8** is a true and correct copy of the Master Settlement Agreement.

46.     Within the Master Settlement Agreement, the parties agreed that CSC would execute two deeds to the Real Property in lieu of foreclosure to Congress Plaza.

47.     Pursuant to the Master Settlement Agreement, only Congress Plaza became the owner of the Real Property despite the Debtor's individual interest in the Jeff George Mortgage and Note.

48.     Despite his known ownership interest in the Jeff George Mortgage and Note, the Debtor failed to receive an ownership interest in the Real Property or the gentlemen's club, or otherwise transferred his interest therein to Congress Plaza by way of the Master Settlement Agreement.

49.     The *Special Warranty Deed* transferring the Real Property from CSC to Congress Plaza was recorded on October 5, 2010 in Book Number 24118 and page 1225 ("***Special Warranty Deed***"). Attached hereto as **Exhibit 9** is a true and correct copy of the Special Warranty Deed.

50.     On December 13, 2010, the Debtor individually signed and filed a *Complaint for Commercial Tenant Eviction* in case number 502010CA029727XXXXMB of the Circuit Court in and for Palm Beach County, Florida, in which paragraph 6 states: "Plaintiffs, Thomas Farese and Congress Plaza, LLC are the owners of certain real property located at 970 North Congress Avenue, West Palm Beach Florida 33409...." ("***December 13 Complaint***"). Attached hereto as **Exhibit 10** is a true and correct copy of the December 13 Complaint.

8

51.    Despite the Debtor not being listed on the Special Warranty Deed, the Debtor individually signed and filed the December 13 Complaint *pro se*.

52.    On October 29, 2012, The Palm Steak House sold the management contract for the gentlemen's club located on the Real Property to S&J Property Holdings, LLC for the total purchase price of $2,400,000.00 ("***Palm Steak Sale***").  Attached hereto as **Exhibit 11** is a true and correct copy of the Closing Statement for the Palm Steak Sale.

53.    Also on October 29, 2012, Congress Plaza sold the Real Property to S&J Property Holdings, LLC for the total purchase price of $2,100,000.00 ("***Congress Plaza Sale***"). Attached hereto as **Exhibit 12** is a true and correct copy of the Closing Statement for the Congress Plaza Sale.

54.    In connection with the Congress Plaza Sale and Palm Steak Sale, Goldstein & Goldstein, PA Trust Account received a wire in the amount of $2,412,644.91 ("***GG Proceeds***").

55.    In connection with the Congress Plaza Sale and Palm Steak Sale, Barry G. Roderman & Associates PA Trust Account received a wire in the amount of $1,208,789.09 ("***BR Proceeds***", the GG Proceeds and BR Proceeds shall be known collectively herein as "***Sales Proceeds***").

56.    Upon information and belief, 15% of the Sales Proceeds went to Barry Roderman, 15% of the Sales Proceeds went to David Goldstein, and 70% of the Sales Proceeds went to Suzanne Farese.

57.    The Debtor did not receive any of the Sales Proceeds, despite his claims to an ownership interest in the Real Property, Congress Plaza and/or Palm Steak House.

58.    The Debtor listed on his Statement of Financial Affairs (ECF#12) Question 10, his Statement of Financial Affairs (ECF#24) Question 10 and his Statement of Financial Affairs

9

(ECF#55) Question 10 that he transferred his interest in Congress Plaza occurred in June 2010 to Suzanne Farese, Barry Roderman and David Goldstein.

59.     Upon information and belief, Suzanne Farese, Barry Roderman and/or David Goldstein did not provide consideration to the Debtor in exchange for the transfer of the Debtor's interest in Congress Plaza.

60.     On January 8, 2013, the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County entered Summary Final Judgment in favor of the AD Creditors and against, *inter alia*, the Debtor in the amount of $226,887.68.

### COUNT I – INJUNCTIVE RELIEF

61.     The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

62.     The Plaintiff is seeking the entry of a permanent injunction, enjoining the Defendants and their agents and assigns from directly or indirectly transferring, receiving, pledging, assigning, liquidating, spending, or otherwise disposing of any proceeds from the Palm Steak Sale, the Congress Plaza Sale, the Sales Proceeds and/or any subsequent transfers of the Sales Proceeds unless and until an adjudication is made by the Bankruptcy Court as to the relief sought herein.

63.     Congress Plaza and/or Palm Steak House, and any property or claims owned by Congress Plaza and/or Palm Steak House, are property of the estate pursuant to 11 U.S.C. § 541.

64.     Any and all proceeds from the Palm Steak Sale and the Congress Plaza Sale including, but not limited to, the Sales Proceeds and/or any subsequent transfers of the Sales Proceeds are property of the estate pursuant to 11 U.S.C. § 541.

65.     Upon information and belief, Suzanne Farese has subsequently used the funds she received from the Sales Proceeds to purchase the following assets:

10

    a.   real property located at 511 NE 3RD ST, Delray Beach, FL 33483 known more

fully as:

> **The West 50 feet of Lots 13 and 14, Block 105, of HIGHLAND PARK,
> according to the Plat thereof, as recorded in Plat Book 2, Page 79, of
> the Public Records of Palm Beach County, Florida.**
>
> **Parcel Identification Number: 12-43-46-16-05-105-0130**

    b.   real property located at 126 NE 4TH AVE, Delray Beach, FL 33483 known more

fully as:

> **Lot 6, Block 91, of DELRAY Resubdivision of Blocks 91, 92
> and West one-half (1/2) of Block 99, according to the map or
> plat thereof as recorded in Plat Book 2, Page 21 of the Public
> Records of Palm Beach County, Florida.**
>
> **Parcel Identification Number: 12-43-46-16-01-091-0060**

    c.   2009 Mercedes Benz SL550 VIN#WDBSK71F99F142676;

    d.   Any and all money in Suzanne Farese's bank accounts and brokerage accounts

traceable to the Sales Proceeds including, but not limited to, the following

accounts:

        i.   TD Bank, N.A. Account ending in 2380

       ii.   Any and all accounts at E*TRADE Financial Corporation

(hereinafter "***Subsequent Purchases***"). Attached hereto as **Exhibit 13** is a true and correct copy

of Suzanne Farese's Rule 2004 Examination of which she testified to the Subsequent Purchases.

    66.    The bankruptcy estate will be irrevocably damaged by the Defendants, including

but not limited to Congress Plaza, LLC, Suzanne Farese, Palm Steak House, LLC f/k/a Palm

Beach Gentlemans Club, and the Nolita Trust if the Sales Proceeds and/or the Subsequent

Purchases are transferred or otherwise dissipated prior to the adjudication of this adversary

15404039.1

proceeding. The Trustee seeks injunctive relief to prohibit the Defendants from transferring, receiving, pledging, assigning, liquidating, spending, or otherwise disposing of any and/or all of the Sales Proceeds until this Court rules on this Complaint.

67.     As a result of the multiple settlements set forth above and at all times relevant hereto, the Debtor held an interest in the Real Property and, subsequently, the Sales Proceeds in their entirety.

68.     Accordingly, Congress Plaza and/or Palm Steak House should not have received an interest in the Jeff George Mortgage and Note pursuant to the May 28 Agreement.

69.     If any and/or all of the Sales Proceeds and/or the Subsequent Purchases are not enjoined, it will become more and more difficult, if not impossible, to recover such property or funds.

70.     The Defendants actions have demonstrated a consistent scheme to hide and conceal money from the Debtor's creditors.

71.     The potential harm to the bankruptcy estate from the failure to grant injunctive relief sought herein outweighs any potential harm to the Defendants if the injunctive relief is granted. Specifically, Congress Plaza and Palm Steak House have already distributed funds directly to their alleged members, Suzanne Farese, David Goldstein, Barry Roderman and the Nolita Trust.

72.     Upon information and belief and as alleged more fully herein, Congress Plaza and Palm Steak House are and were merely the alter egos of the Debtor and have assisted the Debtor in concealing funds from creditors.   The Plaintiff is asking the Court to enjoin the Defendants from transferring, receiving, pledging, assigning, liquidating, spending, or otherwise disposing of the Sales Proceeds and/or the Subsequent Purchases until this Court rules on this Complaint.

12

The Plaintiff is simply asking the Court to maintain the status quo until rights to the assets and transfers of Congress Plaza and the Debtor until the rights to the Sales Proceeds and the Subsequent Purchases can be determined.

73.    The granting of the injunctive relief sought herein is in the public interest, specifically in preventing the Defendants from transferring, receiving, pledging, assigning, liquidating, spending, or otherwise disposing of the Sales Proceeds and/or the Subsequent Purchases, or any other assets known or unknown, that the Trustee contends are property of the estate.

WHEREFORE, the Plaintiff, Margaret J. Smith, Trustee in Bankruptcy for Thomas Ralph Farese, by and through undersigned counsel, respectfully requests that the Court enter judgment in her favor and against the Defendants, Congress Plaza, LLC, Suzanne Farese, Palm Steak House, LLC f/k/a Palm Beach Gentlemans Club, the Nolita Trust and 511 Delray, LLC, their agents and assigns from directly or indirectly transferring, receiving, pledging, assigning, liquidating, spending, or otherwise disposing of the Sales Proceeds and/or the Subsequent Purchases, and awarding any other relief which the Court deems just and proper.

## COUNT II – ALTER EGO

74.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

75.    The Plaintiff seeks a judgment finding that Congress Plaza and the Palm Steak House are and were merely the alter egos of the Debtor.

76.    The Debtor has at all times managed, controlled, administered and directed Congress Plaza and the Palm Steak House solely for his benefit and in disregard for its separate existence.

77.    Through the many transfers of property and assets, all funds to purchase the

13

15404039.1

properties listed above can be traced to the Debtor, the Amended Final Judgment in favor of the Debtor and the subsequent settlements including, but not limited to, the May 28 Agreement.

78.     For example, the Debtor purportedly transferred the Debtor's interest in Congress Plaza to Suzanne Farese, Barry Roderman and David Goldstein.

79.     Subsequently, the Debtor allegedly transferred his individual rights under the November 21 Agreement to Congress Plaza for no consideration.  This alleged transfer permitted Congress Plaza to hold the Debtor's interest in the Real Property.

80.     This alleged transfer accomplished the goal of keeping assets out of the Debtor's name and beyond the reach of creditors.

81.     The Debtors actions subsequent to the transfers are not consistent with a lack of ownership in the Congress Plaza, the Palm Steak House and/or the Real Property.

82.     In fact, the Debtor's actions show that he used the name "Congress Plaza" interchangeably with "Thomas Farese".

83.     Specifically evidencing that Congress Plaza and Palm Steak House are the alter egos of the Debtor:

> i.    The Debtor filed and prosecuted the December 8 Complaint individually and *pro se*;
>
> ii.   The December 8 Complaint stated that the Debtor was the managing member of Congress Plaza;
>
> iii.  The Debtor drafted, filed and prosecuted the Notice of Administrative Appeal, individually and *pro se*;
>
> iv.   The Notice of Administrative Appeal stated that the Debtor was the "Individual, as Person in Charge of the Property, Transferee and Equitable

14

and Beneficial Owner of Property, Purchaser, Successor in Interest; and Assignee";

v.  The Debtor entered into the May 28 Agreement, which the Debtor signed as on behalf of himself, Palm Steak House, and Congress Plaza and which defined "Congress Plaza" as both the Debtor and Congress Plaza therein;

vi.  Within the May 28 Agreement, the Debtor and Congress Plaza were going to immediately foreclose on the Real Property;

vii.  Drafted, filed and prosecuted the Complaint for Commercial Tenant Eviction individually and *pro se;*

84.  Congress Plaza and Palm Steak House were and are alter egos of the Debtor, as the Debtor has disregarded corporate separations and used, *inter alia*, Congress Plaza and Palm Steak House to defraud his creditors.

85.  Congress Plaza and Palm Steak House have been so dominated by the Debtor that their separate identity was disregarded, such that Congress Plaza and the Palm Steak House primarily transacted the Debtor's business, rather than any separate business of their own. The Debtor has used Congress Plaza and the Palm Steak House interchangeably with himself holding himself out individually as the owner of the Real Property and manager of the gentlemen's club located at the Real Property, leading third parties to believe that the Debtor was the owner of the Real Property and manager of the gentlemen's club located at the Real Property.  Such facts support a finding that the Debtor is in fact the same as Congress Plaza and Palm Steak House.

86.  If Congress Plaza, the Palm Steak House and the Debtor were truly a separate entities, the Debtor would have funds available for creditors including the Sales Proceeds, instead of the limited assets as listed on his Schedule B (ECF#1).

15

87.     Congress Plaza and the Palm Steak House were and are being used as a proxy for the Debtor's assets, including the Real Property and the former operation the gentlemen's club. As such, Congress Plaza and the Palm Steak House are no more than shell companies formed by the Debtor simply to hold the Debtor's assets in order to keep them beyond the reach of creditors. The Debtor transferred, or caused to transfer to Congress Plaza, the Palm Steak House, and the Sales Proceeds.

88.     Congress Plaza and the Palm Steak House were used to transfer money away from the Debtor while the Debtor was being pursued by creditors.

89.     The Defendants, Congress Plaza and the Palm Steak House, are the Debtor's alter egos because the affairs of the two entities were so inextricably intertwined with that of the Debtor, creating a substantial identity between the Debtor, Congress Plaza and the Palm Steak House.  The Debtor dominates and controls Congress Plaza and the Palm Steak House and has failed to recognize the separate existence between the Debtor and that of Congress Plaza and/or the Palm Steak House.

90.     Accordingly, where Congress Plaza and the Palm Steak House are and were merely an extension or instrumentality of the Debtor, their assets, including the Real Property, the gentlemen's club and the Sales Proceeds, should be a part of the bankruptcy estate to benefit of all creditors in this estate, pursuant to this Court's equitable powers under 11 U.S.C. §105(a) and Florida state law.

WHEREFORE, the Plaintiff, Margaret J. Smith, Trustee in Bankruptcy for Thomas Ralph Farese, by and through undersigned counsel, respectfully requests that the Court enter judgment finding that Congress Plaza and the Palm Steak House are the Debtor's alter egos, and

16

that the Sales Proceeds should be included in the Debtor's bankruptcy estate to the benefit of all

creditors in this estate, and awarding any other relief which the Court deems just and proper.

## COUNT III – TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE

### (Sales Proceeds)

91.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

92.    Upon the Court determining that Congress Plaza and the Palm Steak House are

property of the estate and/or the alter ego of the Debtor, the Sales Proceeds are property of the

bankruptcy estate pursuant to 11 U.S.C. § 541.

93.    At a minimum, the Debtor was a party to the May 28 Agreement and was jointly

defined with Congress Plaza as "Congress Plaza" therein.  Accordingly, the Debtor should have

received the Jeff George Mortgage and Note, or portion thereof. When the Debtor and Congress

Plaza entered into the July 2 Agreement, the Debtor should have received the Real Property and

gentlemen's club. Instead, Congress Plaza received 100% of the Real Property and Palm Steak

House received 100% of the gentlemen's club.

94.    Further, the Trustee is entitled to an accounting from Congress Plaza, the Palm

Steak House, Suzanne Farese, Barry Roderman, David Goldstein and the Nolita Trust of the

Sales Proceeds, the Subsequent Purchases, and all of the subsequent transfers of same.

95.    To the extent Barry Roderman and David Goldstein have funds due and payable

to Congress Plaza, the Palm Steak House, Suzanne Farese, and the Nolita Trust alleged to be the

Sales Proceeds, the Trustee seeks turnover of same.

WHEREFORE, Margaret J. Smith, Trustee in Bankruptcy for Thomas Farese, by and

through undersigned counsel, demands judgment in her favor requiring the Defendants

immediately turnover of the Sales Proceeds and Subsequent Purchases, order Congress Plaza, the

17

Palm Steak House, Barry Roderman, David Goldstein, Suzanne Farese, and the Nolita Trust, to account for any and all of the CP Proceeds, PS Proceeds, Sales Proceeds, and Subsequent Purchases, entering a judgment for the value of the Sales Proceeds, or a portion to be determined at trial, plus grant such further and other relief as the Court deems just and proper.

## COUNT IV – FRAUDULENT TRANSFER PURSUANT
## TO §726.105(1)(A), *FLORIDA STATUTES*

### (From Congress Plaza and/or Palm Steak House to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust)

96.     The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

97.     This count is pled in the event that the Court finds that Congress Plaza and Palm Steak House are the alter egos of the Debtor.

98.     As shown on the Debtor's Schedule B (ECF#1), all or substantially all of the Debtor's assets are being concealed and/or were transferred through such persons and entities within four (4) years of the Petition Date.

99.     Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, Congress Plaza and/or the Palm Steak House (the Debtor's alter egos) transferred the Sales Proceeds to Suzanne Farese and the Nolita Trust.

100.    Upon information and belief, 15% of the Sales Proceeds went to Barry Roderman, 15% of the Sales Proceeds went to David Goldstein, and 70% of the Sales Proceeds went to Suzanne Farese and/or the Nolita Trust.

101.    In the event that the Court finds that Congress Plaza and/or Palm Steak House are the alter egos of the Debtor, the Trustee contends that the Sales Proceeds, or a portion thereof, were fraudulently transferred to Suzanne Farese and/or the Nolita Trust.

102.    Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest

18

of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of Title 11 or that is not allowable only under §502(e) of this title.

103.    Section 726.105(1)(a), *Florida Statutes*, provides that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: with actual intent to hinder, delay, or defraud any creditor of debtor.

104.    The transfer of the Sales Proceeds, totaling $2,535,003.80 to Suzanne Farese and the Nolita Trust, were transfers made with the actual intent to hinder, delay, and/or defraud creditors pursuant to §726.105(1)(a), *Florida Statutes.*

105.    The Defendants, Suzanne Farese and the Nolita Trust, were the initial transferees or the entities for whose benefit the transfers of the Sales Proceeds were made, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfers totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

106.    To the extent that the Court finds that Barry Roderman and David Goldstein are deemed the initial transferees of the Sales Proceeds, or the entities for whose benefit the transfers of the Sales Proceeds were made, the Plaintiff, Margaret Smith is entitled to recover the transfers totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese, by and through undersigned counsel, seeks for the Court to enter a monetary judgment against the Defendants, David Goldstein and Barry Roderman (to the extent that they are the initial transferees of Suzanne Farese's portion of the Sales Proceeds), or against Suzanne Farese and the

19

Nolita Trust (as initial or subsequent transferees), for the Sales Proceeds or their value, in the amount of two million five hundred thirty five thousand three dollars and eight cents ($2,535,003.80), or a portion thereof, for which execution shall issue, plus court costs and attorney fees and other damages, plus court costs, plus grant such other and further relief as the Court deems just and proper.

<b>COUNT V – FRAUDULENT TRANSFER PURSUANT</b>

<b>TO § 726.105(1)(B), <i>FLORIDA STATUTES</i></b>

<b>(From Congress Plaza and/or Palm Steak House to Suzanne Farese, and/or the Nolita Trust, David Goldstein and Barry Roderman)</b>

107.   The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

108.   This count is pled in the event that the Court finds that Congress Plaza and Palm Steak House are the alter ego of the Debtor.

109.   As shown on the Debtor's Schedule B (ECF#1), all or substantially all of the Debtor's assets are being concealed and/or were transferred through such persons and entities within four (4) years of the Petition Date.

110.   Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, Congress Plaza and/or the Palm Steak House (the Debtor's alter egos) transferred the Sales Proceeds to Suzanne Farese and the Nolita Trust.

111.   Upon information and belief, 15% of the Sales Proceeds went to Barry Roderman, 15% of the Sales Proceeds went to David Goldstein, and 70% of the Sales Proceeds went to Suzanne Farese and/or the Nolita Trust.

112.   In the event that the Court finds that Congress Plaza and/or Palm Steak House are the alter egos of the Debtor, the Trustee contends that the Sales Proceeds, or a portion thereof, were fraudulently transferred to Barry Roderman, Suzanne Farese, David Goldstein and/or the

20

15404039.1

Nolita Trust.

113.    Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of Title 11 or that is not allowable only under §502(e) of this title.

114.    Section 726.105(1)(b), *Florida Statutes*, provides:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor:

(1)    was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(2)    intended to incur, or believed or reasonably should have believed that he would incur, debts beyond her ability to pay as they became due.

115.    The transfer of the Sales Proceeds, totaling $2,535,003.80 to Suzanne Farese and the Nolita Trust, were transfers made with the actual intent to hinder, delay, and/or defraud creditors pursuant to §726.105(1)(b), *Florida Statutes*.

116.    The Debtor was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

117.    The Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond her ability to pay as they became due.

118.    The Defendants, Suzanne Farese and the Nolita Trust, were the initial transferees or the entities for whose benefit the transfers of the Sales Proceeds were made, and as a result,

21

15404039.1

the Plaintiff, Margaret Smith is entitled to recover the transfers totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

119.    To the extent that the Court finds that Barry Roderman and David Goldstein are deemed the initial transferees of the Sales Proceeds, or the entities for whose benefit the transfers of the Sales Proceeds were made, the Plaintiff, Margaret Smith is entitled to recover the transfers totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese, by and through undersigned counsel, seeks for the Court to enter a monetary judgment against the Defendants, David Goldstein and Barry Roderman (to the extent that they are the initial transferees of Suzanne Farese's portion of the Sales Proceeds), or against Suzanne Farese and the Nolita Trust (as initial or subsequent transferees), for the Sales Proceeds or their value, in the amount of two million five hundred thirty five thousand three dollars and eight cents ($2,535,003.80), or a portion thereof, for which execution shall issue, plus court costs and attorney fees and other damages, plus court costs, plus grant such other and further relief as the Court deems just and proper.

## COUNT VI – FRAUDULENT TRANSFER PURSUANT
### TO § 726.106, *FLORIDA STATUTES*
#### (From Congress Plaza and/or Palm Steak House to Suzanne Farese and/or the Nolita Trust, Barry Roderman, and David Goldstein)

120.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

121.    This count is pled in the event that the Court finds that Congress Plaza and Palm Steak House are the alter ego of the Debtor.

122.    As shown on the Debtor's Schedule B (ECF#1), all or substantially all of the

22

Debtor's assets are being concealed and/or were transferred through such persons and entities within four (4) years of the Petition Date.

123.     Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, Congress Plaza and/or the Palm Steak House (the Debtor's alter egos) transferred the Sales Proceeds to Suzanne Farese and the Nolita Trust.

124.     Upon information and belief, 15% of the Sales Proceeds went to Barry Roderman, 15% of the Sales Proceeds went to David Goldstein, and 70% of the Sales Proceeds went to Suzanne Farese and/or the Nolita Trust.

125.     In the event that the Court finds that Congress Plaza and/or Palm Steak House are the alter egos of the Debtor, the Trustee contends that the Sales Proceeds, or a portion thereof, were fraudulently transferred to Barry Roderman, Suzanne Farese, David Goldstein and/or the Nolita Trust.

126.     Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of Title 11 or that is not allowable only under §502(e) of this title.

127.     Section 726.106(1), *Florida Statutes*, provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, if the claim arose before the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

128.     The transfer by the Debtor was incurred by the Debtor failed to receive reasonably equivalent value in exchange for the transfers.

129.     The Debtor was insolvent at the time of the transfer and/or became insolvent as a

23

result of the transfers.

130.    The transfer of the Sales Proceeds, totaling $2,535,003.80 to David Goldstein, Barry Roderman, Suzanne Farese and the Nolita Trust, were transfers made with the actual intent to hinder, delay, and/or defraud creditors pursuant to §726.106, *Florida Statutes*.

131.    The Defendants, Suzanne Farese and the Nolita Trust, were the initial transferees or the entities for whose benefit the transfers of the Sales Proceeds were made, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfers totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

132.    To the extent that the Court finds that Barry Roderman and David Goldstein are deemed the initial transferees of the Sales Proceeds, or the entities for whose benefit the transfers of the Sales Proceeds were made, the Plaintiff, Margaret Smith is entitled to recover the transfers totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese, by and through undersigned counsel, seeks for the Court to enter a monetary judgment against the Defendants, David Goldstein and Barry Roderman (to the extent that they are the initial transferees of Suzanne Farese's portion of the Sales Proceeds), or against Suzanne Farese and the Nolita Trust (as initial or subsequent transferees), for the Sales Proceeds or their value, in the amount of two million five hundred thirty five thousand three dollars and eight cents ($2,535,003.80), or a portion thereof, for which execution shall issue, plus court costs and attorney fees and other damages, plus court costs, plus grant such other and further relief as the Court deems just and proper.

24

**COUNT VII – FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548**
**(From Congress Plaza and/or Palm Steak House to Suzanne Farese and/or the Nolita**
**Trust, Barry Roderman, and David Goldstein)**

133.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

134.    This count is pled in the event that the Court finds that Congress Plaza and Palm

Steak House are the alter egos of the Debtor.

135.    As shown on the Debtor's Schedule B (ECF#1), all or substantially all of the

Debtor's assets are being concealed and/or were transferred through such persons and entities

within two (2) years of the Petition Date.

136.    Within two (2) years prior to the filing of the Debtor's bankruptcy proceeding,

Congress Plaza and/or the Palm Steak House (the Debtor's alter egos) transferred the Sales

Proceeds to Suzanne Farese and the Nolita Trust.

137.    Upon information and belief, 15% of the Sales Proceeds went to Barry Roderman,

15% of the Sales Proceeds went to David Goldstein, and 70% of the Sales Proceeds went to

Suzanne Farese and/or the Nolita Trust.

138.    In the event that the Court finds that Congress Plaza and/or Palm Steak House are

the alter egos of the Debtor, the Trustee contends that the Sales Proceeds, or a portion thereof,

were fraudulently transferred to Barry Roderman, Suzanne Farese, David Goldstein and/or the

Nolita Trust.

139.    The transfer of the Sales Proceeds to Suzanne Farese and the Nolita Trust were

made with the actual intent to hinder, delay, and/or defraud creditors pursuant to 11 U.S.C. §

548(a)(1).

140.    Alternatively, pursuant to 11 U.S.C. §548(a)(2), the aforementioned transfer(s)

were of an interest of the Debtor which occurred within two years of the date of the bankruptcy

25

filing whereby the Debtor received less than a reasonably equivalent value in exchange for the transfer and:

> (a) Was insolvent on the date that the transfer was made or became insolvent as a result of the transfer;
>
> (b) Was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or
>
> (c) The Debtor intended to incur or believed that she would incur debts beyond her ability to pay as such debts matured.

141.    The Defendants, Suzanne Farese and the Nolita Trust, were the initial transferees or the entities for whose benefit the transfer of the Sales Proceeds were made, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfer totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

142.    At the time of the transfers, the Debtor had incurred debts beyond his ability to pay as they became due.

143.    As a result of the transfer, the Plaintiff has been damaged pursuant to 11 U.S.C. §544(b) for the total value of the transfer.

144.    As shown on the Debtor's Schedule B (ECF#1), all or substantially all of the Debtor's assets are being concealed and/or were transferred through such persons and entities within two (2) years of the Petition Date.

145.    The Defendants, Suzanne Farese and the Nolita Trust, were the initial transferees or the entities for whose benefit the transfers of the Sales Proceeds were made, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfers totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

146.    To the extent that the Court finds that Barry Roderman and David Goldstein are

15404039.1

deemed the initial transferees of that portion of the Sales Proceeds that were transferred to Suzanne Farese and the Nolita Trust, or the entities for whose benefit the transfers of the Sales Proceeds were made, the Plaintiff, Margaret Smith is entitled to recover the transfers totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese, by and through undersigned counsel, seeks for the Court to enter a monetary judgment against the Defendants, David Goldstein and Barry Roderman (to the extent that they are the initial transferees of Suzanne Farese's portion of the Sales Proceeds), or against Suzanne Farese and the Nolita Trust (as initial or subsequent transferees), for the Sales Proceeds or their value, in the amount of two million five hundred thirty five thousand three dollars and eight cents ($2,535,003.80), or a portion thereof, for which execution shall issue, plus court costs and attorney fees and other damages, plus court costs, plus grant such other and further relief as the Court deems just and proper.

## COUNT VIII – FRAUDULENT TRANSFER PURSUANT
## TO §726.105(1)(A), *FLORIDA STATUTES*
### (From the Debtor to Congress Plaza, Palm Steak House, Suzanne Farese and the Nolita Trust, David Goldstein, and Barry Roderman)

147.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

148.    This Count is pled in the event that the Court does not find that Congress Plaza and the Palm Steak House are the Debtor's alter egos.

149.    The Amended Final Judgment was entered in favor of the Debtor, individually and against Harald Dude, *et. al.*

150.    At all times material herein, the Amended Final Judgment was due and payable to the Debtor, individually.

27

151. Instead, the Debtor made the following fraudulent transfers to Congress Plaza, Palm Steak House, Suzanne Farese, Barry Roderman, David Goldstein, and the Nolita Trust.

152. The Debtor fraudulently transferred the November 21 Agreement to Congress Plaza, Suzanne Farese, Barry Roderman and David Goldstein pursuant to the November 30 Assignment. Upon information and belief, Congress Plaza, Palm Steak House, Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust did not provide consideration to the Debtor in exchange for the right, title and interests in the November 21 Agreement.

153. The Debtor fraudulently transferred rights to the Jeff George Mortgage and Note to Congress Plaza, Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust pursuant to the May 28 Agreement.

154. The May 28 Agreement should have been entered into between the Debtor, individually, Harald Dude and the Dude entities. Instead, Congress Plaza and the Palm Steak House were given an interest in the Real Property and gentlemen's club, despite having no judgments or claims against Dude or Dude's entities.

155. Upon information and belief, Congress Plaza, Palm Steak House, Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust did not provide consideration to the Debtor in exchange for the right, title and interests in the Jeff George Mortgage and Note.

156. The Debtor and Congress Plaza subsequently filed the June 2 Complaint. Despite the Debtor and Congress Plaza being jointly defined within the May 28 Complaint and jointly receiving an interest in the Jeff George Mortgage and Note, the Debtor failed to receive an interest in the Real Property and/or the gentlemen's club pursuant to the Master Settlement Agreement.

157. The Debtor should have received the Real Property and the gentlemen's club in

28

their entirety, or a portion thereof, but instead did not receive any portion of such assets.

158.    Congress Plaza and Palm Steak House subsequently sold the Real Property and the gentlemen's club and distributed the Sales Proceeds directly to Suzanne Farese, Barry Roderman and David Goldstein.

159.    As shown on the Debtor's Schedule B (ECF#1), all or substantially all of the Debtor's assets are being concealed and/or were transferred through such persons and entities within four (4) years of the Petition Date.

160.    Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, the Debtor made the fraudulent transfers herein to Congress Plaza and Palm Steak House. Congress Plaza and Palm Steak House subsequently transferred the Sales Proceeds to Barry Roderman, Suzanne Farese, and David Goldstein.

161.    Upon information and belief, 15% of the Sales Proceeds went to Barry Roderman, 15% of the Sales Proceeds went to David Goldstein, and 70% of the Sales Proceeds went to Suzanne Farese and/or the Nolita Trust.

162.    Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of  the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of Title 11 or that is not allowable only under §502(e) of this title.

163.    Section 726.105(1)(a), *Florida Statutes*, provides that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: with actual intent to hinder, delay, or defraud any creditor of debtor.

164.    The Trustee seeks to set aside and recover the fraudulent transfer of:

29

    a. The November 21 Agreement to Congress Plaza and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust pursuant to the November 30 Assignment.

    b. The May 28 Agreement to Congress Plaza and Palm Steak House and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

    c. The Jeff George Mortgage and Note to Congress Plaza and Palm Steak House and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

    d. The transfer of the Debtor's interest in the Real Property and/or the gentlemen's club to Congress Plaza and Palm Steak House and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

165. Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, the Debtor made the fraudulent transfers herein to Congress Plaza and Palm Steak House. Congress Plaza and Palm Steak House subsequently transferred the Sales Proceeds to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

166. The Debtor made the transfers herein with the actual intent to hinder, delay, or defraud creditors.

167. The transfer of the Sales Proceeds, totaling $2,535,003.80 to Suzanne Farese and the Nolita Trust, were transfers made with the actual intent to hinder, delay, and/or defraud creditors pursuant to §726.105(1)(a), *Florida Statutes*.

168. The Defendants, Congress Plaza and Palm Steak House were the initial transferees or the entity for whose benefit the transfer of the Sales Proceeds were made, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfers, or the value of transfers,

totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

169.    Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust were the immediate or mediate transferees of such initial transferees of the Sales Proceeds, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfers, or the value of transfers, totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(2).

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese, by and through undersigned counsel, seeks for the Court to enter a monetary judgment against the Defendants, Congress Plaza, LLC and the Palm Steakhouse, LLC (as initial transferees) and Suzanne Farese and the Nolita Trust, David Goldstein, Barry Roderman (as initial or subsequent transferees of Suzanne Farese's portion of the Sales Proceeds) for the Sales Proceeds or their value, in the amount of two million five hundred thirty five thousand three dollars and eight cents ($2,535,003.80), or a portion thereof, for which execution shall issue, plus court costs and attorney fees and other damages, plus court costs, plus grant such other and further relief as the Court deems just and proper.

## COUNT IX – FRAUDULENT TRANSFER PURSUANT
## TO § 726.105(1)(B), *FLORIDA STATUTES*
### (From the Debtor to Congress Plaza, Palm Steak House, Suzanne Farese and the Nolita Trust, David Goldstein, and Barry Roderman)

170.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

171.    This Count is pled in the event that the Court does not find that Congress Plaza and the Palm Steak House are the Debtor's alter egos.

31

172. The Amended Final Judgment was entered in favor of the Debtor, individually and against Harald Dude, *et. al.*

173. At all times material herein, the Amended Final Judgment was due and payable to the Debtor, individually.

174. Instead, the Debtor made the following fraudulent transfers to Congress Plaza, Palm Steak House, Suzanne Farese, Barry Roderman David Goldstein, and the Nolita Trust.

175. The Debtor fraudulently transferred the November 21 Agreement to Congress Plaza, Suzanne Farese, Barry Roderman and David Goldstein pursuant to the November 30 Assignment. Upon information and belief, Congress Plaza, Palm Steak House, Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust did not provide consideration to the Debtor in exchange for the right, title and interests in the November 21 Agreement.

176. The Debtor fraudulently transferred rights to the Jeff George Mortgage and Note to Congress Plaza, Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust pursuant to the May 28 Agreement.

177. The May 28 Agreement should have been entered into between the Debtor, individually, Harald Dude and the Dude entities. Instead, Congress Plaza and the Palm Steak House were given an interest in the Real Property and gentlemen's club, despite having no judgments or claims against Dude or Dude's entities.

178. Upon information and belief, Congress Plaza, Palm Steak House, Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust did not provide consideration to the Debtor in exchange for the right, title and interests in the Jeff George Mortgage and Note.

179. The Debtor and Congress Plaza subsequently filed the June 2 Complaint. Despite the Debtor and Congress Plaza being jointly defined within the May 28 Complaint and jointly

32

receiving an interest in the Jeff George Mortgage and Note, the Debtor failed to receive an interest in the Real Property and/or the gentlemen's club pursuant to the Master Settlement Agreement.

180.    The Debtor should have received the Real Property and the gentlemen's club in their entirety, or a portion thereof, but instead did not receive any portion of such assets.

181.    Congress Plaza and Palm Steak House subsequently sold the Real Property and the gentlemen's club and distributed the Sales Proceeds directly to Suzanne Farese, Barry Roderman and David Goldstein.

182.    As shown on the Debtor's Schedule B (ECF#1), all or substantially all of the Debtor's assets are being concealed and/or were transferred through such persons and entities within four (4) years of the Petition Date.

183.    Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, the Debtor made the fraudulent transfers herein to Congress Plaza and Palm Steak House. Congress Plaza and Palm Steak House subsequently transferred the Sales Proceeds to Barry Roderman, Suzanne Farese, and David Goldstein.

184.    Upon information and belief, 15% of the Sales Proceeds went to Barry Roderman, 15% of the Sales Proceeds went to David Goldstein, and 70% of the Sales Proceeds went to Suzanne Farese and/or the Nolita Trust.

185.    Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of Title 11 or that is not allowable only under §502(e) of this title.

186.    Section 726.105(1)(b), *Florida Statutes*, provides:

33

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor:

> (1)    was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

> (2)    intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

187.    The Trustee seeks to set aside and recover the fraudulent transfer of:

    a.   The November 21 Agreement to Congress Plaza and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust pursuant to the November 30 Assignment.

    b.   The May 28 Agreement to Congress Plaza and Palm Steak House and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

    c.   The Jeff George Mortgage and Note to Congress Plaza and Palm Steak House and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

    d.   The transfer of the Debtor's interest in the Real Property and/or the gentlemen's club to Congress Plaza and Palm Steak House and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

188.    The Debtor was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

189.    The Debtor intended to incur, or believed or reasonably should have believed that

34

he would incur, debts beyond her ability to pay as they became due.

190.    Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, the Debtor made the fraudulent transfers herein to Congress Plaza and Palm Steak House. Congress Plaza and Palm Steak House subsequently transferred the Sales Proceeds to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

191.    The Debtor made the transfers herein with the actual intent to hinder, delay, or defraud creditors.

192.    The Defendants, Congress Plaza and Palm Steak House were the initial transferees or the entity for whose benefit the transfer of the Sales Proceeds were made, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfers, or the value of transfers, totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

193.    The Defendants, Congress Plaza and Palm Steak House were the initial transferees or the entity for whose benefit the transfer of the Sales Proceeds were made, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfers, or the value of transfers, totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

194.    Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust were the immediate or mediate transferees of such initial transferees of the Sales Proceeds, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfers, or the value of transfers, totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(2).

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese,

by and through undersigned counsel, seeks for the Court to enter a monetary judgment against the Defendants, Congress Plaza, LLC and the Palm Steakhouse, LLC (as initial transferees), and Suzanne Farese, David Goldstein, Barry Roderman and the Nolita Trust (as initial or subsequent transferees of Suzanne Farese's portion of the Sales Proceeds), for the Sales Proceeds or their value, in the amount of two million five hundred thirty five thousand three dollars and eight cents ($2,535,003.80), or a portion thereof, for which execution shall issue, plus court costs and attorney fees and other damages, plus court costs, plus grant such other and further relief as the Court deems just and proper.

## COUNT X – FRAUDULENT TRANSFER PURSUANT
## TO § 726.106, *FLORIDA STATUTES*

### (From the Debtor to Congress Plaza, Palm Steak House, Suzanne Farese, and the Nolita Trust, David Goldstein, and Barry Roderman)

195.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

196.    This Count is pled in the event that the Court does not find that Congress Plaza and the Palm Steak House are the Debtor's alter egos.

197.    The Amended Final Judgment was entered in favor of the Debtor, individually and against Harald Dude, *et. al.*

198.    At all times material herein, the Amended Final Judgment was due and payable to the Debtor, individually.

199.    Instead, the Debtor made the following fraudulent transfers to Congress Plaza, Palm Steak House, Suzanne Farese, Barry Roderman David Goldstein, and the Nolita Trust.

200.    The Debtor fraudulently transferred the November 21 Agreement to Congress Plaza, Suzanne Farese, Barry Roderman and David Goldstein pursuant to the November 30 Assignment. Upon information and belief, Congress Plaza, Palm Steak House, Suzanne Farese,

36

Barry Roderman, David Goldstein and/or the Nolita Trust did not provide consideration to the Debtor in exchange for the right, title and interests in the November 21 Agreement.

201.    The Debtor fraudulently transferred rights to the Jeff George Mortgage and Note to Congress Plaza, Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust pursuant to the May 28 Agreement.

202.    The May 28 Agreement should have been entered into between the Debtor, individually, Harald Dude and the Dude entities. Instead, Congress Plaza and the Palm Steak House were given an interest in the Real Property and gentlemen's club, despite having no judgments or claims against Dude or Dude's entities.

203.    Upon information and belief, Congress Plaza, Palm Steak House, Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust did not provide consideration to the Debtor in exchange for the right, title and interests in the Jeff George Mortgage and Note.

204.    The Debtor and Congress Plaza subsequently filed the June 2 Complaint. Despite the Debtor and Congress Plaza being jointly defined within the May 28 Complaint and jointly receiving an interest in the Jeff George Mortgage and Note, the Debtor failed to receive an interest in the Real Property and/or the gentlemen's club pursuant to the Master Settlement Agreement.

205.    The Debtor should have received the Real Property and the gentlemen's club in their entirety, or a portion thereof, but instead did not receive any portion of such assets.

206.    Congress Plaza and Palm Steak House subsequently sold the Real Property and the gentlemen's club and distributed the Sales Proceeds directly to Suzanne Farese, Barry Roderman and David Goldstein.

207.    As shown on the Debtor's Schedule B (ECF#1), all or substantially all of the

37

Debtor's assets are being concealed and/or were transferred through such persons and entities within four (4) years of the Petition Date.

208.    Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, the Debtor made the fraudulent transfers herein to Congress Plaza and Palm Steak House. Congress Plaza and Palm Steak House subsequently transferred the Sales Proceeds to Barry Roderman, Suzanne Farese, and David Goldstein.

209.    Upon information and belief, 15% of the Sales Proceeds went to Barry Roderman, 15% of the Sales Proceeds went to David Goldstein, and 70% of the Sales Proceeds went to Suzanne Farese and/or the Nolita Trust.

210.    Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of Title 11 or that is not allowable only under §502(e) of this title.

211.    Section 726.106(1), *Florida Statutes*, provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, if the claim arose before the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

212.    The Trustee seeks to set aside and recover the fraudulent transfer of:

a.    The November 21 Agreement to Congress Plaza and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust pursuant to the November 30 Assignment.

b.    The May 28 Agreement to Congress Plaza and Palm Steak House and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

38

c. The Jeff George Mortgage and Note to Congress Plaza and Palm Steak House and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

d. The transfer of the Debtor's interest in the Real Property and/or the gentlemen's club to Congress Plaza and Palm Steak House and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

213. The transfer by the Debtor was incurred by the Debtor failed to receive reasonably equivalent value in exchange for the transfer.

214. The Debtor was insolvent at the time of the transfer and/or became insolvent as a result of the transfer.

215. Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, the Debtor made the fraudulent transfers herein to Congress Plaza and Palm Steak House. Congress Plaza and Palm Steak House subsequently transferred the Sales Proceeds to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

216. The Debtor made the transfers herein with the actual intent to hinder, delay, or defraud creditors.

217. The Defendants, Congress Plaza and Palm Steak House were the initial transferees or the entities for whose benefit the transfer of the Sales Proceeds were made, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfers, or the value of transfers, totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

218. Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust were the immediate or mediate transferees of such initial transferees of the Sales Proceeds, and as a

39

result, the Plaintiff, Margaret Smith is entitled to recover the transfers, or the value of transfers, totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(2).

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese, by and through undersigned counsel, seeks for the Court to enter a monetary judgment against the Defendants, Congress Plaza, LLC and the Palm Steak House, LLC (as initial transferees), and Suzanne Farese, David Goldstein, Barry Roderman and the Nolita Trust (as initial or subsequent transferees of Suzanne Farese's portion of the Sales Proceeds), for the Sales Proceeds or their value, in the amount of two million five hundred thirty five thousand three dollars and eight cents ($2,535,003.80), or a portion thereof, for which execution shall issue, plus court costs and attorney fees and other damages, plus court costs, plus grant such other and further relief as the Court deems just and proper.

## COUNT XI –RESULTING TRUST AND/OR CONSTRUCTIVE TRUST

219.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

220.    This is an action to establish a resulting trust and/or constructive trust against the Sales Proceeds and the Subsequent Purchases.

221.    The Debtor should have received 100% of the Sales Proceeds, or a portion thereof.

222.    The Defendants, Suzanne Farese, David Roderman, and David Goldstein, had a fiduciary and confidential relationship with the Debtor by which they acquired an advantage which they should not in equity and good conscience retain.

223.    Congress Plaza, Palm Steak House, Suzanne Farese and the Nolita Trust received the Real Property and gentlemen's club and, therefore, received the Sales Proceeds.

40

224.    As the Debtor was and is entitled to 100% of the Sales Proceeds and thus the Subsequent Purchases, the Trustee is entitled to a resulting trust over the Sales Proceeds and the Subsequent Purchases by operation of the law for these proceeds to be held and paid over to the bankruptcy estate.

225.    A resulting and/or constructive trust is needed to prevent unjust enrichment of the Defendants who acquired the Sales Proceeds and the Subsequent Purchases through fraud or other questionable means. The imposition of a resulting and/or constructive trust is needed to prevent fraud and injustice

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese, by and through undersigned counsel, demands judgment against the Defendants imposing and establishing a resulting trust against Sales Proceeds and the Subsequent Purchases, plus such other and further relief as the Court deems just and proper.

## COUNT XII – FRAUDULENT TRANSFER PURSUANT
## TO § 726.105(1)(A), *FLORIDA STATUTES*
### (From the Debtor to Suzanne Farese)

226.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

227.    The Amended Final Judgment was entered in favor of the Debtor, individually and against Harald Dude, *et. al.*

228.    At all times material herein, the Amended Final Judgment was due and payable to the Debtor, individually.

229.    Instead, sometime in 2010, the Debtor transferred his individual interest in Congress Plaza to, *inter alia*, his wife, Suzanne Farese. *See* Statement of Financial Affairs (ECF#12) Question 10, his Statement of Financial Affairs (ECF#24) Question 10 and his Statement of Financial Affairs (ECF#55) Question 10.

41

230. Upon information and belief, Suzanne Farese did not provide consideration to the Debtor in exchange for the right, title and interests in Congress Plaza.

231. Without the fraudulent transfer of Congress Plaza to Suzanne Farese, the Debtor would have been the owner of Congress Plaza on the Petition Date.

232. As shown on the Debtor's Schedule B (ECF#1), all or substantially all of the Debtor's assets are being concealed and/or were transferred to Suzanne Farese within four (4) years of the Petition Date.

233. Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, the Debtor made the fraudulent transfers herein to Suzanne Farese.

234. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of Title 11 or that is not allowable only under §502(e) of this title.

235. Section 726.105(1)(a), *Florida Statutes*, provides:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: with actual intent to hinder, delay, or defraud any creditor of the debtor

236. The Trustee seeks to set aside and recover the fraudulent transfer of Congress Plaza to Suzanne Farese.

237. The Debtor made the transfers herein with the actual intent to hinder, delay, or defraud creditors.

238. The Defendant, Suzanne Farese, was the initial transferee or the entity for whose benefit the transfer of the Sales Proceeds were made, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfer, or the value of transfer, totaling at least $2,535,003.80,

or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese, by and through undersigned counsel, seeks for the Court to enter a monetary judgment against the Defendant, Suzanne Farese, for the Sales Proceeds or their value, in the amount of two million five hundred thirty five thousand three dollars and eight cents ($2,535,003.80), or a portion thereof, for which execution shall issue, plus court costs and attorney fees and other damages, plus court costs, plus grant such other and further relief as the Court deems just and proper.

## COUNT XIII – FRAUDULENT TRANSFER PURSUANT
## TO § 726.105(1)(B), *FLORIDA STATUTES*
### (From the Debtor to Suzanne Farese)

239.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

240.    The Amended Final Judgment was entered in favor of the Debtor, individually and against Harald Dude, *et. al.*

241.    At all times material herein, the Amended Final Judgment was due and payable to the Debtor, individually.

242.    Instead, sometime in 2010, the Debtor transferred his individual interest in Congress Plaza to, *inter alia*, his wife, Suzanne Farese. *See* Statement of Financial Affairs (ECF#12) Question 10, his Statement of Financial Affairs (ECF#24) Question 10 and his Statement of Financial Affairs (ECF#55) Question 10.

243.    Upon information and belief, Suzanne Farese did not provide consideration to the Debtor in exchange for the right, title and interests in Congress Plaza.

244.    Without the fraudulent transfer of Congress Plaza to Suzanne Farese, the Debtor would have been the owner of Congress Plaza on the Petition Date.

43

245.   As shown on the Debtor's Schedule B (ECF#1), all or substantially all of the Debtor's assets are being concealed and/or were transferred to Suzanne Farese within four (4) years of the Petition Date.

246.   Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, the Debtor made the fraudulent transfers herein to Suzanne Farese.

247.   Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of Title 11 or that is not allowable only under §502(e) of this title.

248.   Section 726.105(1)(b), *Florida Statutes*, provides:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor:

(1)   was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(2)   intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

249.   The Trustee seeks to set aside and recover the fraudulent transfer of:

a.   The November 21 Agreement to Congress Plaza and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust pursuant to the November 30 Assignment.

b.   The May 28 Agreement to Congress Plaza and Palm Steak House and, therefore,

44

to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

c. The Jeff George Mortgage and Note to Congress Plaza and Palm Steak House and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

d. The transfer of the Debtor's interest in the Real Property and/or the gentlemen's club to Congress Plaza and Palm Steak House and, therefore, to Suzanne Farese, Barry Roderman, David Goldstein and/or the Nolita Trust.

250.    The Trustee seeks to set aside and recover the fraudulent transfer of Congress Plaza to Suzanne Farese.

251.    The Debtor made the transfer herein with the actual intent to hinder, delay, or defraud creditors.

252.    The Defendant, Suzanne Farese, was the initial transferee or the entity for whose benefit the transfers of the Sales Proceeds were made, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfer, or the value of transfer, totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese, by and through undersigned counsel, seeks for the Court to enter a monetary judgment against the Defendants, Suzanne Farese, for the Sales Proceeds or their value, in the amount of two million five hundred thirty five thousand three dollars and eight cents ($2,535,003.80), or a portion thereof, for which execution shall issue, plus court costs and attorney fees and other damages, plus court costs, plus grant such other and further relief as the Court deems just and proper.

## COUNT XIV – FRAUDULENT TRANSFER PURSUANT

### TO § 726.106, *FLORIDA STATUTES*

#### (From the Debtor to Suzanne Farese)

253.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

254.    The Amended Final Judgment was entered in favor of the Debtor, individually and against Harald Dude, *et. al.*

255.    At all times material herein, the Amended Final Judgment was due and payable to the Debtor, individually.

256.    Instead, sometime in 2010, the Debtor transferred his individual interest in Congress Plaza to, *inter alia*, his wife, Suzanne Farese. *See* Statement of Financial Affairs (ECF#12) Question 10, his Statement of Financial Affairs (ECF#24) Question 10 and his Statement of Financial Affairs (ECF#55) Question 10.

257.    Upon information and belief, Suzanne Farese did not provide consideration to the Debtor in exchange for the right, title and interests in Congress Plaza.

258.    Without the fraudulent transfer of Congress Plaza to Suzanne Farese, the Debtor would have been the owner of Congress Plaza on the Petition Date.

259.    As shown on the Debtor's Schedule B (ECF#1), all or substantially all of the Debtor's assets are being concealed and/or were transferred to Suzanne Farese within four (4) years of the Petition Date.

260.    Within four (4) years prior to the filing of the Debtor's bankruptcy proceeding, the Debtor made the fraudulent transfers herein to Suzanne Farese.

261.    Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of Title 11

46

or that is not allowable only under §502(e) of this title.

262.    Section 726.106(1), *Florida Statutes*, provides:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, if the claim arose before the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

263.    The Trustee seeks to set aside and recover the fraudulent transfer of Congress Plaza to Suzanne Farese.

264.    The transfer by the Debtor was incurred by the Debtor failed to receive reasonably equivalent value in exchange for the transfer.

265.    The Debtor was insolvent at the time of the transfer and/or became insolvent as a result of the transfer.

266.    The Defendants, Suzanne Farese, was the initial transferee or the entity for whose benefit the transfers of the Sales Proceeds were made, and as a result, the Plaintiff, Margaret Smith is entitled to recover the transfers, or the value of transfers, totaling at least $2,535,003.80, or the subsequent transfers of such funds, pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese, by and through undersigned counsel, seeks for the Court to enter a monetary judgment against the Defendant, Suzanne Farese, for the Sales Proceeds or their value, in the amount of two million five hundred thirty five thousand three dollars and eight cents ($2,535,003.80), or a portion thereof, for which execution shall issue, plus court costs and attorney fees and other damages, plus court costs, plus grant such other and further relief as the Court deems just and proper.

**COUNT XV-RECOVERY OF AVOIDED TRANSFERS PURSUANT TO II U.S.C. § 550**

15404039.1

267.    The Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

268.    This is an adversary proceeding to, *inter alia*, recover fraudulent transfers that have been avoided pursuant to 11 U.S.C. §§ 544 and 548, and the Florida Uniform Fraudulent Transfer Act.

269.    The fraudulent transfers listed herein have been, will be, or are subject to being avoided by the United States Bankruptcy Court for the Southern District of Florida as set forth in this adversary proceeding.

270.    As a result, the Trustee may recover the amount or value of each transfer received by the Defendants, Congress Plaza, Palm Steak House, Barry Roderman, David Goldstein, Suzanne Farese and the Nolita Trust, jointly and severally, pursuant to 11 U.S.C. §550.

WHEREFORE, the Plaintiff, Margaret Smith, Trustee in Bankruptcy for Thomas Farese, by and through undersigned counsel, demands judgment against the Defendants, Congress Plaza, Palm Steak House, Barry Roderman, David Goldstein, Suzanne Farese and the Nolita Trust (as initial or subsequent transferees) jointly and severally, as follows: (i) for the amount of the transfers received pursuant to 11 U.S.C. §550, plus pre-judgment interest from the date of the transfers, post-judgment interest and costs of suit; and (ii) for such other relief as the Court deems just and proper.

48

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 20900-1(A).

**DATED** this the _21st____ day of October, 2013.

**GREENSPOON MARDER, P.A.**

/s *Rilyn A. Carnahan*

_____

MICHAEL R. BAKST, ESQ.
Florida Bar No. 866377
RILYN A. CARNAHAN, ESQ.,
Florida Bar No. 614831
Attorney for the Trustee
250 South Australian Avenue, Suite 800
West Palm Beach, Fl 33401
Telephone: (561) 838-4523
Facsimile: (561) 514-3423

(Verification page follows)

15404039.1

## VERIFICATION

I HEREBY CERTIFY that the statements contained in the Verified Complaint are true and correct to the best of my knowledge, information and belief:



Margaret    J.    Smith,    Trustee    in
Bankruptcy for Thomas Farese, not
individually

Sworn to and subscribed before me this the _____ 21 day of October, 2013, by Margaret J. Smith, who is personally known to me.

Notary Public, State of Florida
Dated this 21st day of October, 2013

DIANE LO CASCIO
Commission # EE 085289
Expires April 18, 2015
Bonded Thru Troy Fain Insurance 800-385-7019

15404039.1